900 F.2d 257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith Allan STYBLO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith Allan STYBLO, Defendant-Appellant.
 Nos. 89-5450, 89-5451.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 27, 1990.
Decided: April 9, 1990.
 
 Appeals from the United States District Court for the Northern District of West Virginia, at Elkins. Robert R. Merhige, Jr., Senior District Judge. (CR-89-47, CR-89-14)
 Stephen G. Jory, Busch, Jory, Smith & Talbott, Elkins, W. Va., for appellant.
 William A. Kolibash, United States Attorney, Michael D. Stein, Assistant United States Attorney, Wheeling, W. Va., for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before K.K. HALL, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Keith Allan Styblo appeals from the judgment of the district court sentencing him to sixty months' incarceration under the sentencing guidelines,* contending the district court erred in not granting a two-point reduction of the offense level for acceptance of responsibility. We affirm.
 
 
 2
 In January of 1989, Styblo agreed to plead guilty to conspiracy to transport in interstate commerce pipe bombs, some for the purpose of blowing up the mobile home of a co-defendant's estranged wife and some for sale. After Styblo executed the plea agreement and while in custody, he wrote a letter to a co-defendant, using the code name of "Col. J. Phoenix," instructing him concerning two government informers and another who had "turned traitor and are to be treated as such." The letter instructed: "The standing order is to termanate [sic] all 3 on sight." The letter also warned the recipient not to talk to the "feds." In March 1989, the grand jury handed down another indictment against Styblo which charged him with two counts of threatening witnesses and obstructing communication with federal law enforcement officers. An addendum to the January plea agreement was negotiated, in which Styblo stipulated that he had committed these offenses.
 
 
 3
 Styblo does not contest his conviction nor the correctness of his "combined adjusted offense level." His appeal relates solely to the failure of the district court to grant him a two-level reduction for his "acceptance of responsibility." He contends that his admission to the conspiracy and to the writing of the letter and his pleas of guilty to the consequent charges were sufficient to comprise acceptance of responsibility under Sec. 3E1.1(a) of the sentencing guidelines.
 
 
 4
 Whether to apply Sec. 3E1.1(a) is a factual issue, and the burden was on Styblo to prove by a preponderance of evidence that the reduction was warranted. United States v. Harris, 882 F.2d 902, 905-07 (4th Cir.1989); United States v. Urrego-Linares, 879 F.2d 1234, 1236, 1238-39 (4th Cir.), cert. denied, 110 S.Ct. 346 (1989). The district court's decision to not grant a reduction for acceptance of responsibility is not disturbed unless clearly erroneous. 18 U.S.C. Sec. 3742(e); Harris, 882 F.2d at 905.
 
 
 5
 The probation officer recommended against a reduction for acceptance of responsibility because Styblo did not admit he intended to threaten murder of the witnesses. Styblo insisted that "terminate on sight" merely meant to terminate the membership of the persons in the para-military organization Styblo headed. The district court found:
 
 
 6
 Well, I don't see how any average person could misinterpret this letter. I appreciate your argument, but there isn't any doubt in my mind in light of his conduct and his past that when he speaks of in his letter of people being guilty of being traitors, and standing orders to terminate on sight, I don't believe his statement that he meant to get them out of this military thing.
 
 
 7
 * * *
 
 
 8
 * * *
 
 
 9
 Now I think the probation officer is exactly correct, and I am going to sentence him accordingly.
 
 
 10
 We agree with the district court's evaluation of the evidence and, in any event, could not hold that it was clearly erroneous. The judgment of the district court is affirmed.
 
 
 11
 We dispense with oral argument because the facts and the legal contentions are adequately presented in the materials before us and because argument would not aid in the decisional process.
 
 
 12
 AFFIRMED.
 
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Oct.1988)